UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KIMBERLY RUPE, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No.: 2:11-cv-00166-GMN-RJJ |
| vs. ) | |
| ) | **ORDER** |
| FIRST FRANKLIN FINANCIAL ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is Defendants Bank of America, N.A.; BAC Home Loans Servicing, LP; First Franklin Financial Corporation; U.S. Bank, N.A., and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss (ECF No. 15), which Defendant Cal-Western Reconveyance Corporation joined (ECF No. 29).  Plaintiffs filed a Response (ECF No. 22) to the Motion to Dismiss, to which Defendants filed a Reply (ECF No. 27).  For the reasons that follow, Defendants' Motion to Dismiss (ECF No. 15) will be GRANTED and all other Motions--including the Motion for a Preliminary Injunction (ECF No. 31)--will be DENIED.

**I.    BACKGROUND**

This lawsuit appears to arise out of foreclosure proceedings that have been instituted against Plaintiffs' residence.  Plaintiffs seek a declaratory judgment, quiet title, an accounting, a refund, and fees and costs (Compl. 9:10-10:26, ECF No. 1), under the theory that the foreclosure proceedings are somehow improper.  According to Plaintiffs, Defendants--Plaintiffs do not specify which one--sold the underlying promissory note to a "Debt Pool" and, therefore, "[b]ecause they are not the owners of the debt and have no interest in it, they are not the holders of the Note under Nevada law and, if any of them possess the Note, they are a mere custodian

of it with no right to enforce it or the Deed of Trust." (Compl. 7:2-6, ECF No. 1.)

Plaintiffs have also filed a document titled "Motion for Preliminary Injunction and Request for Sanctions" (ECF Nos. 31 & 32), in which Plaintiffs seek to prevent the Trustee's Sale scheduled for June 20, 2011 and seek sanctions against Defendants and their counsel for the "illegal action" they have allegedly taken through "late payment claims and negative credit reporting," among other things, (Mot. for Prelim. Inj. 13:1-6, ECF Nos. 31 & 31).

## II. DISCUSSION

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n*., 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

1  *Twombly*, 550 U.S. at 555).

2  Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally
3  construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th
4  Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

5  **B.  Defendants' Motion to Dismiss**

6  **1.  Declaratory Judgment**

7  Plaintiffs' "First Cause of Action" for Declaratory Judgment is not a substantive cause
8  of action at all, but, rather, is a remedy. *See Stock West, Inc. v. Confederated Tribes of the*
9  *Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) ("But this [Declaratory Judgment]
10 Act only creates a remedy and is not an independent basis for jurisdiction.").  Under this
11 heading, Plaintiffs ask the Court to declare "that Defendants have no interest in the Plaintiffs
12 [sic] indebtedness, nor any rights under the Deed of Trust, and has no lawful authority to
13 foreclose on the Property." (Compl. 9:22-24, ECF No. 1.)

14 To the extent that this is a request for the Court to declare that the foreclosure
15 proceedings are wrongful--that is, to the extent that this can be liberally construed as a
16 wrongful foreclosure cause of action--this cause of action must fail, as Plaintiffs have failed to
17 allege that they were not in default on their loan obligations.  In Nevada, a wrongful foreclosure
18 claim is properly pled only if the plaintiff alleges that she was not in default. *Huggins v. Quality*
19 *Loan Servicing, LP*, No. 2:10-cv-01232-LDG-PAL, 2011 WL 310490, at *5 (D. Nev. Jan. 27,
20 2011) (compiling relevant cases).  Plaintiffs have not done so here.  In fact, Plaintiffs
21 affirmatively plead that the note *is* in default, writing: "Indeed, there is a substantial possibility
22 that the owner of the debt and thus the obligee has already been fully repaid on this Note which,
23 **because it is in default**, may well have been paid by the default insurance referred to above."
24 (Compl. 7:7-9, ECF No. 1) (emphasis added).  This cause of action must therefore be dismissed
25 for failure to state a claim.

Furthermore, the allegations Plaintiffs make in support of their claim that none of the Defendants are holders of the promissory note are too bare and conclusory to support a claim for wrongful foreclosure. Plaintiffs' reference to an amorphous "Debt Pool" into which an unspecified Defendant or Defendants "sold or assigned" the promissory note at an unspecified time, resulting in Defendants being "fully paid all amounts owed to it [sic]," (Compl. 6:17-23, ECF No. 1), is too speculative and conclusory to properly support a plausible claim for wrongful foreclosure.

Moreover, such bare, vague allegations are insufficient to justify varying from the general rule in Nevada that foreclosing parties are not required to prove that they own the note prior to initiating non-judicial foreclosure proceedings. *See Kwok v. Recontrust Company, N.A.*, No. 2:09-cv-02298-RLH-LRL, 2010 WL 4810704, at *4 (D. Nev. Nov. 19, 2010) ("[T]he case law within this district holds that the Nevada law governing nonjudicial foreclosure, NRS § 107.080, does not require a lender to produce the original note or prove its status as a real party in interest, holder in due course, current holder of the note, nominee of the current holder of the note, or any other synonymous status as a prerequisite to nonjudicial foreclosure proceedings.").

### 2. Quiet Title

Under their second cause of action, Plaintiffs seek an order declaring that they have rightful title to the subject property. Although not properly a cause of action, a suit for quiet title is an equitable proceeding in which a party seeks to settle a dispute over ownership of property or to remove a cloud upon her title to the property. *Anderson v. Deutsche Bank National Trust Co.*, No. 2:10-cv-01443-JCM-PAL, 2010 WL 4386958, at *5 (D. Nev. Oct. 29, 2010). "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996). Additionally, courts of this District have held that an action for quiet title "should be dismissed where plaintiff's claim is not based on a cognizable legal theory." *Manderville v. Litton Loan*

*Servicing*, No. 2:10-cv-01696-JCM-GWF, 2011 WL 2149105, at *3 (D. Nev. May 31, 2011) (internal quotation marks omitted).

This claim turns on the same insufficiently pled basis as Plaintiffs' request for declaratory relief: namely, that unspecified Defendants sold the promissory note to an entity known as the "Debt Pool" and thereby lost any right to foreclose on Plaintiffs' property. However, as explained above, these vague and fanciful facts are not sufficient to make Plaintiffs' claim plausible, not just possible, *see Iqbal*, 129 S. Ct. at 1949. Thus, Plaintiffs have failed to plead facts sufficient to demonstrate that good title lies with them, and this claim must be dismissed.

### 3. Accounting

In order to prevail on a claim for inspection and accounting, a plaintiff must establish the existence of "a relationship of special trust between the plaintiff and defendant." *Anderson*, 2010 WL 4386958, at *4. Absent special circumstances, no such relationship exists between a lender and borrower or between a lender and guarantor. *Giles v. General Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th Cir. 2007) (applying Nevada law). Here, Plaintiffs have pleaded no such special relationship with regard to any of Defendants. Instead, Plaintiffs merely plead that "Plaintiffs seek a full accounting for the transfers of their promissory note and the securitization of their promissory note." (Compl. 10:13-14, ECF No. 1.) This is not sufficient to state a claim for an accounting or to warrant an accounting remedy. Accordingly, this claim must be dismissed.

### 4. Refund, Fees, & Costs

Plaintiffs' fourth "Cause of Action" requests a refund, fees, and costs. However, these are not substantive causes of action, but are, in fact, remedies. Because Plaintiffs have not pleaded a viable cause of action that would warrant these remedies, the remedies must also be dismissed.

To the extent that Plaintiffs' statement under the "Relief, Fees And Costs" cause of action that "Defendant's pretense of authority to foreclose, or attempt to foreclose, under the Deed of Trust would be fraudulent," (Compl. 10:18-19, ECF No. 1), could be construed as a claim for fraud, it would fail, as it does not meet the particularity requirement set forth in Federal Rule of Civil Procedure 9(b).  It is not even clear which Defendant Plaintiffs are referring to.

### C.     Plaintiffs' Motion for a Preliminary Injunction and Sanctions

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resource Defense Council*, 129 S. Ct. 365, 374 (2008).  Alternatively, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

However, as explained above, Plaintiffs are neither likely to succeed on the merits of their claim, nor do they raise serious questions going to the merits.  Defendants do not have to affirmatively prove that they hold the note prior to commencing foreclosure proceedings. *See Kwok*, 2010 WL 4810704, at *4.  The Motion for a Preliminary Judgment will be denied.

Because Plaintiffs have failed to demonstrate that the actions taken by Defendants are "illegal" (Mot. for Prelim. Inj. 13:4, ECF No. 31), or otherwise rise to the level of justifying sanctions, sanctions will not be imposed.

### CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Complaint is **DISMISSED with leave to**

**amend**.  Plaintiffs may file an Amended Complaint correcting the deficiencies in the current Complaint by **July 12, 2011**.  This is a firm date and no extensions will be given. Failure to file an Amended Complaint by that date will result is the dismissal of this lawsuit with prejudice.

    **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 15) is **GRANTED** to the extent that it conforms with the above.

    **IT IS FURTHER ORDERED** that Plaintiffs' Motion for a Preliminary Injunction (ECF No. 31) and Sanctions (ECF No. 32) is **DENIED**.

    **IT IS FURTHER ORDERED** that all other motions currently pending in this action are **DENIED** as moot.

    DATED this 27th day of June, 2011.

    _____
    Gloria M. Navarro
    United States District Judge